IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Roberta S. Hardy, Henry Johnson, and Southwest Pottery, LLC, | C/A No.4:10-1768-TLW-SVH |
| Plaintiffs, | |
| vs. | REPORT AND RECOMMENDATION |
| Henry Johnson, Southwest Pottery, LLC, HRM Florence, LLC, TMB Florence, LLC, Hobby Lobby Stores, Inc, Richard Cassett, and Todd Blair, | |
| Defendants. | |

This matter was removed to this court based on the assertion of diversity jurisdiction under 28 U.S.C. §1332. Jurisdiction under this section exists when the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. The amount in controversy requirement is tested at the time of removal. When an unspecified amount of damages is claimed, the amount is satisfied for purposes of remand unless it appears to a legal certainty that plaintiffs *cannot* recover damages in excess of $75,000. Wright, Miller & Cooper, *Federal Practice and Procedure* §3725 (1985 and Supp. 1998). Frequently, these requirements are satisfied when actual and punitive damages are sought and plaintiffs have not affirmatively pled a cap on damages or otherwise limited the amount of damages sought prior to the time of removal. Limitations on damages after removal do not affect jurisdiction; however, clarifications of the amount sought at the time of removal may result in remand. *See St.*

*Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 292 (1938) (post-removal amendment does not affect jurisdiction); *Cole v. Great Atlantic & Pacific Tea Co.,* 728 F. Supp. 1305 (E.D. Ky. 1990) (ambiguous demands may be subject to post-removal clarification); Wright & Miller § 3702 (Supp. 1998).

The complaint in the present case seeks only unspecified actual damages. Pursuant to a special interrogatory to the plaintiffs, the court sought clarification of the plaintiffs' intent, at the time this matter was initially filed in state court, to pursue monetary damages. By filing on September 2, 2010, plaintiffs stipulated that their damages in her claims do not exceed $75,000 [Entry #27]. As a result of plaintiffs' stipulation, to which they are bound, that the amount in controversy for their demand does not exceed $75,000, and it appears this court lacks subject matter jurisdiction such that remand of the action to the Court of Common Pleas for Florence County is appropriate. Therefore, the undersigned recommends[1] that Plaintiffs' motion to remand [Entry #11] be granted. It is recommended that no costs be imposed, as removal was not improper given the facts then known to defendants.

---

[1] This motion has been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). Some courts have found orders of remand are nondispositive and fall within 28 U.S.C. § 636(b)(1)(A). *See, e.g., McRae v. Evans*, C/A No. 2:06-3075CWH, 2006 WL 3327639 (D.S.C. Nov. 15, 2006) (noting magistrate judge's authority to enter final order remanding matter to state court); *Wachovia Bank, N.A. v. Deutsche Bank and Trust Co. Ams.*, 397 F. Supp. 2d 698, 700-02 (W.D.N.C. 2005) (finding same, collecting cases, noting the Fourth Circuit Court of Appeals has not addressed the issue). However, because there is a conflict in authority, the undersigned makes this Report and Recommendation.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 3, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge